**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-20812-CIV-WILLIAMS**

TERRA'S GARDEN, LLC,

    Plaintiff,

vs.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

_____/

**ORDER OF REFERRAL AND NOTICE OF COURT PRACTICE IN REMOVAL CASES**

    **THIS MATTER** is before the Court upon a *sua sponte* review of the record. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, all discovery disputes and non-dispositive pretrial motions are **REFERRED** to Magistrate Judge Edwin G. Torres. It is further **ORDERED** that the Parties shall adhere to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, Judge Williams' Court Practices and Procedures, and Judge Torres' Standing Order Setting Discovery Procedures. Judge Williams' Court Practices and Procedures and Judge Torres' Standing Order Setting Discovery Procedures are available at the Court's website: http://www.flsd.uscourts.gov/content/judge-kathleen-m-williams.

    Additionally, the Court notes that this case was removed from state court. Accordingly, the Court **ORDERS** the parties to comply with the following requirements.

**A.     Court Practice in Removal Cases**

(1)     Counsel for the **non-removing party** must file a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(b).

(2)     Counsel for the **removing party** is directed to file a Removal Status Report within **ten (10) days from the date of this Order**.  In addition to the Removal Status Report, counsel for the removing party <u>must</u> file a Notice that includes copies of all records and proceedings in the underlying state court case by the aforementioned date and in the format specified below.  Failure to file a timely Removal Status Report shall be grounds for remand.  Additionally, Counsel's failure to timely file a Notice with all relevant state court pleadings shall be interpreted as an abandonment of Federal jurisdiction and will result in remand of the case.

(3)     The Removal Status Report shall contain the following:

a)  A plain statement of the nature of the claim and any counterclaim, cross-claim, or third-party claim, made in state or federal court including the amount of damages claimed and any other relief sought;

b)  A plain statement of the grounds for removal and a list of all parties to the action, including parties to any third-party claim;

c)   A list of all pending motions;

d)  A brief statement by each Defendant explaining whether or not each has joined the notice of removal; and

e)  A statement regarding whether the Defendant has removed the action within 30 days after the receipt by the Defendant of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based.

If the removing party's basis for removal is diversity jurisdiction under 28 U.S.C. § 1332, and **the removing party** is a limited liability company ("LLC") or a limited liability partnership ("LLP"), the removing party must identify each member of the LLC or LLP and establish each member's citizenship in the Removal Status Report, supported by an affidavit. Failure to do so will result in remand. If the removing party claims diversity of citizenship, and the **non-removing party** is an LLC or LLP, the non-removing party must file an affidavit identifying each of its members and establishing each member's citizenship within **fourteen (14) days** of the filing of the Removal Status Report.

If the removing party has already provided to the Court some or all of the information requested above, the removing party shall briefly summarize the information requested and direct the Court to the location of the information in the record.

(4) The docket entries from the underlying state court shall be filed as attachments to a separate Notice. The Notice shall include an index of the docket entries, which shall be ordered chronologically. Each docket entry (including all pending motions) shall be uploaded as separate attachments to the Notice.

(5) Counsel for the removing party shall provide copies of this Notice to all concerned parties.

**B.** **Joint Scheduling Report**

It is further **ORDERED** that **WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS ORDER**, the Parties shall file a joint conference report and a joint proposed

scheduling order, as required by S.D. Fla. Local Rule 16.1(b). As part of that filing, the Parties shall complete and submit the attached form proposing deadlines.

**C.      Non-Compliance with Order and Rules of Court**

Non-compliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Practices and Procedures (available at: http://www.flsd.uscourts.gov/?page_id=13071), may subject the offending party to **sanctions,** including **dismissal** of this case. It is the duty of all counsel to take all actions necessary to comply with this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 27th day of February, 2020.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

    Plaintiff(s),

vs.

PARTY NAME,

    Defendant(s).

_____/

## **SCHEDULE JOINTLY PROPOSED BY THE PARTIES**

THIS MATTER is set for trial for the week of [Month, Day, Year].  The Parties propose to adhere to the following schedule:

| | |
|---|---|
| [Month, Day, Year] | The Parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26.  The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| [Month, Day, Year] | The Parties shall file motions to amend pleadings or join Parties. |
| [Month, Day, Year] | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| [Month, Day, Year] | The Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |

5

| | |
|---|---|
| [Month, Day, Year] | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| [Month, Day, Year] | The Parties shall complete all discovery, including expert discovery. |
| [Month, Day, Year] | The Parties shall complete mediation and file a mediation report with the Court. |
| [Month, Day, Year] | The Parties shall file all dispositive pre-trial motions and memoranda of law.  The Parties shall also file any motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or any another basis. |
| [Month, Day, Year] | The Parties shall each file one motion *in limine*.  All motions *in limine* must be filed at least six (6) weeks before calendar call. |

| | |
|---|---|
| [Month, Day, Year] | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e).  The Parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials). |
| [Month, Day, Year] | The Parties shall submit their deposition designations. |

By:       [**Attorney(s) for Plaintiff(s)**]              [**Attorney(s) for Defendant(s)**]