UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20812-CIV-WILLIAMS

TERRA'S GARDEN, LLC,
a Florida Limited Liability Company,
     Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a foreign corporation,
     Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S EXPEDITED AMENDED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERS OR MOTION TO COMPEL AND EXTEND DEADLINES; PLAINTIFF'S MOTION TO EXTEND TIME TO COMPLY WITH COURT ORDERS AND EXTEND CERTAIN DISCOVERY DEADLINES, OR IN THE ALTERNATIVE PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff, TERRA'S GARDEN LLC, by and through the undersigned counsel, hereby files its Response to Defendant's Expedited Amended Motion to Dismiss for Failure to Comply with Court Orders or Motion to Compel and Extend Deadlines and moves for an order extending the time period for Plaintiff to comply with prior court orders, to extend certain discovery deadlines, or in the alternative, moves to dismiss this action without prejudice, and states:

# INTRODUCTION

1. Pursuant to a Notice of Removal [D.E. 1] filed on or about February 25, 2020, this Court entered an Order of Referral and Notice of Court Practice in Removal Cases on February 28, 2020 [D.E. 3].

2. Additionally, the Court's Scheduling Order, set this action for trial on the Court's two-week trial calendar beginning on March 23, 2021 [D.E. 16].

3. The scheduling order also established certain deadlines, and provided that all discovery was to be completed by October 2, 2020.

4. Defendant issued discovery to Plaintiff on or about August 17, 2020, to which Plaintiff subsequently provided responses pursuant to the Court's Order Granting Defendant's Motion to Compel Discovery [D.E.41].

5. On or about October 5, 2020, Defendant filed its Expedited Amended Motion to Dismiss, or Motion to Compel and Extend Deadlines; seeking dismissal with prejudice, or alternatively the granting of additional time to receive better discovery responses to properly conclude discovery [D.E. 44].

6. Defendant's Motion to Dismiss with prejudice should be denied because Plaintiff has attempted to comply with all court orders and discovery deadlines; however the spread of the coronavirus which has affected the number of available staff and attorneys, the resignation of two (2) consecutive lead attorneys assigned to the file, and the departure of several support attorneys assigned to the

file, the undersigned counsel has been unable fully comply with the Court's prior orders [D.E. 3; D.E.16].

## BACKGROUND

**A. Plaintiff encountered unique obstacles that compromised its ability to complete discovery and comply with prior orders originally set by the Court**

7. As the Covid19 crisis erupted and spread, Plaintiff's counsel's firm suffered from the successive departure of two of the lead attorneys handling this case and several of the junior attorneys handling this case, disrupting the firm's ability to comply with the Court's original Scheduling Order.

8. Shortly after the case was removed to this Court, the lead attorney handling this case abruptly departed. The abrupt and sudden transition caused unforeseen delays in the case.

9. Plaintiff's law firm promptly hired a replacement supervising attorney who assumed the role of lead counsel in this case.

10. The new supervising attorney performed his tasks to the best of his ability, but the transition presented the expected challenges inherent in starting a new job, as well as significant unanticipated challenges.

11. During this complicated transition period, as the Court is aware, the Coronavirus pandemic began its rapid onslaught throughout the United States.

12.     As recognized in Administrative Order 2020-23: "on March 13, 2020, the President of the United States of America issued a proclamation declaring a National Emergency in response to the Coronavirus Disease-2019 ("Covid-19") pandemic pursuant to the National Emergencies Act (50 U.S. C. §1601, et seq.)."

13.     Throughout this difficult period, the Court, like other employees, implemented preventative measures to encourage public health including remote staffing, telephonic proceedings and other social distancing practices.  See e.g. Admin Order 2020-20. "The CDC recommends employers attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events."

14.     Plaintiff's law firm also implemented similar measures to minimize the risk of contagion, including remote staffing.  This made the new supervising attorney's job even more challenging as he was required to get up to speed and to keep abreast of the many pending cases and the conduct of the junior attorneys and paralegals while he and they worked largely from home.

15.     To make matters worse, during this time, one of the junior attorneys assisting in this matter was fired, and another junior attorney assisting with this case resigned.

16. The aforementioned difficulties, and the unprecedented challenges of the Coronavirus crisis produced a "perfect storm" resulting in significant impediments to compliance with court deadlines and orders.

17. On or about September 10, 2020 another one of the junior attorneys assisting with this case resigned, and on or about September 11, 2020 the new supervising attorney handling this case ultimately resigned.

**B. Notwithstanding these many challenges, the Plaintiff engaged in discovery and attempted to comply with the Scheduling Order.**

18. Against this backdrop, the Plaintiff attempted to comply with the Scheduling Order and pretrial deadlines. On April 23, 2020 Plaintiff served and filed its Witness List [D.E. 24], and on April 24, 2020 Plaintiff served and filed its Initial Disclosures [D.E. 25]. Additionally, Plaintiff participated in mediation, and engaged in written discovery by filing responses to Defendant's discovery requests.

19. Upon review of Defendant's request for better responses, Plaintiff shall supplement its discovery responses.

20. Additionally, Plaintiff shall work towards complying with all outstanding orders without delay.

## DISCUSSION

21. Courts have held that the Scheduling Order "may be modified only upon a showing of good cause." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998). *Sosa* held that under the "good cause" standard a party seeking to

extend deadlines must demonstrate that the schedule could not be met despite the diligence of the party seeking the extension. *Id.*

22.     However, on March 13, 2020, Chief Judge Moore entered an Administrative Order Concerning Jury Trials and Other Proceedings (SD Fla Admin. Order 2020-18). Recognizing the unique challenges posed by the Coronavirus crisis, the Order provided district judges with increased discretion in adjusting deadlines in civil matters. "individual judges may continue trial-specific deadlines in civil cases in the exercise of their discretion." Admin Order. 2020-18 at para. 3. This order providing increased discretion to extend civil deadlines has been extended by subsequent administrative orders. See e.g., Admin. Order 2020-21, Admin. Order 2020-53.

23.     The administrative Orders do not and cannot overrule *Sosa*; however, they demonstrate that in these challenging times, the courts are authorized to extend greater flexibility to civil litigants facing challenges in meeting specific deadlines.

24.     As discussed above, the Plaintiff engaged in discovery. However, Plaintiff erroneously failed to propound initial discovery requests and did not fully respond to Defendant's discovery requests due to the "perfect storm" created by the successive departure of two of the lead attorneys handling this case, the

departure of three support attorneys, and the unprecedented circumstances created by the Coronavirus crisis.

25. While these circumstances did not render Plaintiff's compliance with the Scheduling Order impossible, they signify obstacles that prevented compliance despite Plaintiff's diligent pursuit of this action.

26. The logistical difficulties presented by Covid-19 were compounded by the extremely disruptive and unforeseen changes in staff.

27. Under these circumstances, extending the pretrial deadlines is fully justified.

28. In the alternative, if this Honorable Court is not inclined to extend the pretrial deadlines, Plaintiff respectfully requests this Court dismiss this action without prejudice to permit Plaintiff the opportunity to seek new counsel and refile. Dismissal without prejudice would serve as a sanction against the undersigned and not against its client who would suffer irreparable harm should it not be permitted to reinstitute the court action.

29. No party would suffer any prejudice or inconvenience as a result of the extension, as Defendant also seeks an extension of pretrial deadlines.

WHEREFORE, Plaintiff, Terra's Garden, LLC, respectfully requests that this Honorable Court enter an order extending the deadlines set forth in the Scheduling Order by ninety (90) days from the date of this order, or in the

alternative permit Plaintiff to dismiss the action *without* prejudice, and to provide such other relief as is just and proper.

                                           Respectfully submitted,

                                           INSURANCE LITIGATION GROUP
                                           1500 N.E. 162 Street
                                           Miami, FL 33162
                                           Telephone: 786-529-0090
                                           Facsimile:  866-239-9520

                                           By: */s/ Jana Rauf*
                                           Jana Rauf, Esq.
                                           Fla. Bar No.: 79060
                                           Primary service email: service@ilgpa.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 9, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I certify that the foregoing document is being served this day on all counsel of record identified on the below service list, ny Notices of Electronic Filing generated by CM/ECF.

Jana Rauf, Esq.
INSURANCE LITIGATION GROUP
1500 N.E. 162 Street
Miami, FL 33162
Telephone: 786-529-0090
Facsimile:  866-239-9520
Email service@ILGPA.com; Jana@ilgpa.com
*Attorney for Plaintiff*


Morris D. Pataky, Esq.
Continental Casualty Company
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Telephone: 954-689-3005
Facsimile: 954-689-3001
E-mail: morris.pataky@cna.com
*Attorney for Defendant*