**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-20812-CIV-WILLIAMS**

TERRA'S GARDEN, LLC,
a Florida Limited Liability Company,

        Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a foreign corporation,

        Defendant.
_____

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR COMPEL DISCOVERY**

    Defendant, Continental Casualty Company ("Continental"), by and through its undersigned counsel and, pursuant to Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida, hereby files its Reply to Plaintiff's Response to Defendant's Motion to Dismiss or Compel Discovery [D.E.49] and states as follows:

    1.    This case involves a claim for declaratory relief and breach of contract against Continental for alleged damage to Plaintiff's processing equipment reportedly suffered in September 2017. [See D.E.5-2, Complaint, ¶¶7,14,22]

    2.    Plaintiff filed this suit on January 31, 2020 and Defendant removed the suit to this Court on February 25, 2020. [D.E. 1].

    3.    As outlined in Defendant's Motion, Plaintiff has failed to meet the Court's deadlines, serve sworn answers to interrogatories or respond to other discovery. [See D.E. 44]

4.      Plaintiff has not filed any affirmative motions related to discovery deadlines or dismissal but now seeks in its Response [D.E. 49] an extension of all deadlines by 90 days, including those which have already passed; or in the alternative, dismissal without prejudice.

## *MEMORANDUM OF LAW*

**Plaintiff's Request to Extend Deadlines**

Plaintiff claims that inconveniences associated with COVID-19 and the termination of counsel within the same firm comprises "good cause" for the extension of deadlines which have already passed. Specifically, the deadline to issue discovery to the Defendant expired on October 2, 2020 and the deadline for Plaintiff to disclose "experts, expert witness summaries and reports" passed on August 28, 2020. [D.E. 16] Plaintiff was well aware long before October 9, 2020, when it first requested an extension of deadlines, that the deadline to comply with expert disclosure requirements had passed more than 40 days earlier and that the deadline to issue any discovery expired on October 2, 2020. Beyond the clarity of the Court's Scheduling Order, [D.E. 16], Defendant has repeatedly brought these deadlines to Plaintiff's attention to seek compliance therewith. Defendant contacted Plaintiff's counsel to discuss Plaintiff's failure to provide an expert disclosure on August 31, 2020 and September 1, 2020. [See D.E. 36] In an effort to advance the litigation, Defendant even filed a Motion to Compel Plaintiff's Expert Disclosures on September 8, 2020 [D.E. 36], which the Court denied as moot [D.E. 37] stating,

> [t]he Court's deadlines are not aspirational. So if Plaintiff violated the deadline for disclosure of expert reports under the current Order, it is assumed that Plaintiff will have no experts to disclose. Otherwise, the burden is on Plaintiff to move to modify the pretrial deadlines and specifically show cause, under Rule 16, why an extension of Plaintiff's deadline should be considered. [D.E. 37].

2

Since the Court's September 8, 2020 order, Plaintiff has taken no action to seek an extension or demonstrate why it is entitled to an extension of the expert disclosure deadline.

As early as February 27, 2020, in its Order of Referral and Notice of Court Practice in Removal Cases, the Court advised the parties that "[n]on-compliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Practices and Procedures (available at:http://www.flsd.uscourts.gov/?page_id=13071), may subject the offending party to sanctions, including dismissal of this case." [D.E. 3]. The Court reminded Plaintiff that "failure to comply with deadlines may result in sanctions including dismissal of the case" in conjunction with the Court's denial of Plaintiff's third request for an extension of time to provide an affidavit of citizenship (which Plaintiff has yet to provide) [D.E. 18]. Despite these admonitions and the Court's specific direction to Plaintiff regarding a potential remedy for its failure to comply with expert disclosure requirements, Plaintiff has until now remained silent. Now, nearly 40 days after being advised by the Court as to how it should proceed regarding the deadlines of the Scheduling Order, and only when faced with a Motion to Dismiss, has Plaintiff first mentioned that it is seeking an extension of deadlines.

While good cause is the standard by which a court determines if an extension of a deadline that has already passed should be granted, diligence is the key factor in determining whether good cause is shown. *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671 (S.D. Fla. 2012). Plaintiff in this case has demonstrated no diligence regarding its compliance with deadlines and has repeatedly ignored the prior warnings of the Court before seeking any relief. [D.E. 37]. Throughout the duration of this litigation, Plaintiff has yet to meet a single deadline, repeatedly necessitating motion practice by the Defendant to obtain the information to which it is entitled. There is no reason to believe that if the deadlines are extended that Plaintiff will now become an active participant in the litigation that it initiated.

**Plaintiff's Request for a Dismissal Without Prejudice**

Plaintiff requests, in the alternative, that its case be dismissed without prejudice. This Court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific, Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "This Circuit has not adopted specific factors for a trial court to consider in determining whether a defendant will suffer 'clear legal prejudice.'" *Engel v. Experian Info. Sols.*, Inc., No. 04-61380-CIV, 2005 WL 8155394, at *1 (S.D. Fla. Dec. 15, 2005), report and recommendation adopted, No. 04-61380-CIV, 2006 WL 8432309 (S.D. Fla. Jan. 12, 2006). Such legal prejudice can exist when considerable time has been spent on a case in preparation for trial. *Mosley v. JLG Indus., Inc.*, 189 Fed.Appx. 874, 876 (11th Cir. 2006) (approving denial of motion to dismiss where court considered significant "time that had passed since the case was filed, the many motions filed, and the discovery produced.").

Here, Plaintiff is clearly seeking a dismissal without prejudice as a remedy to seek a strategic advantage and to avoid the consequences of its failure to disclose an expert. Cases which require technical knowledge, like the cause of alleged equipment malfunction in food processing equipment, require expert testimony to survive summary judgment. See e.g., *Giles v. Winn-Dixie Montgomery, LLC*, 574 F. App'x 892 (11th Cir. 2014). Plaintiff's failure to provide an expert is fatal to its case. Plaintiff is essentially seeking permission from the Court for a "do over," at the expense of judicial resources and additional costs to the Defendant. Moreover, even if the Court were inclined to allow Plaintiff to dismiss and subsequently refile its complaint, there is no reason to believe that Plaintiff would ever be able to present such an expert. Plaintiff has already admitted that it no longer has the allegedly damaged equipment in its possession, effectively precluding any further inspection of that equipment. [D.E. 42-2, Response to Request for Admission No.13]

In *Estate of Reed v. Nat'l Specialty Ins. Co.*, Plaintiff's counsel sought similar relief in litigation against another carrier also involving a named peril policy. *Estate of Reed v. Nat'l Specialty Ins. Co.*, No. 19-23178-CIV, 2020 WL 5547922, at *1 (S.D. Fla. July 29, 2020). In that case, Plaintiff also failed to provide an expert disclosure and then moved to extend the deadline for expert disclosure, which motion was denied. *Id.* Plaintiff has yet to meet a deadline in this case. With the exception of the three requests for extension of time to file an affidavit of citizenship, Plaintiff has not sought any relief from the now expired deadlines. Defendant has met the Court deadlines and has consistently, but unsuccessfully, attempted to work with Plaintiff to advance the litigation. The deadline for filing dispositive motions is October 16, 2020. Despite the obstacles artificially created by Plaintiff, Defendant intends to file a motion for summary judgment. Plaintiff should not be permitted to escape the certitude of an adverse judgment by virtue of its own lack of diligence.

However, should the Court decide to grant Plaintiff's request for a dismissal without prejudice, it has the jurisdiction to impose conditions upon that dismissal. *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253 (11th Cir. 2001). Should this case be dismissed, Plaintiff should be bound by its previous judicial admissions, including its responses to Defendant's Requests for Admissions. Furthermore, should Plaintiff decide to reinstitute this action, it should be required to refile in the federal court such that the Defendant will not incur the expense and work of removing the same suit a second time. Additionally, Plaintiff should reimburse Defendant the costs of removal and defense costs incurred to date in this action.

WHEREFORE, Defendant requests this Court enter an Order granting its Motion and denying Plaintiff an extension of deadlines already passed including the deadline for expert disclosures and denying Plaintiff's request for a dismissal without prejudice.

Respectfully submitted,

/s/ Morris D. Pataky

Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com;
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Direct Line: (312) 822-6027
Facsimile: (312) 260-6859

**Attorneys for Defendant, Continental Casualty Company**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 12, 2020**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, by Notices of Electronic Filing generated by CM/ECF.

/s/ Morris D. Pataky
CNA COVERAGE LITIGATION GROUP
Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida 33614
Telephone: (813) 880-5165
Facsimile: (312) 260-6859
Attorney for Defendant,
Continental Casualty Company

**SERVICE LIST**

Jana A. Rauf, Esquire
INSURANCE LITIGATION GROUP
1500 N.E. 162 Street
Miami, Florida 33162
Primary Service E-Mail: service@ilgpa.com