UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-20812-CIV-WILLIAMS

TERRA'S GARDEN, LLC,
a Florida Limited Liability Company ,

        Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a foreign corporation,

        Defendant.
_____

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S STATEMENT OF
UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Continental Casualty Company ("Continental") submits this Statement of Undisputed Facts in support of its Motion for Summary Judgment.

1. Plaintiff, Terra's Garden, LLC, was a food processor engaged in the business of processing food for commercial distribution on September 10, 2017. *See* Complaint, D.E. 5-2, ¶¶ 4, 8.

2. Continental issued Equipment Breakdown Policy No. R5099700076 to Terra's Garden, LLC, effective from June 16, 2017 through June 16, 2018 (the "Policy.") *See* Certified Copy of the Policy, D.E. 4-1; Complaint, D.E. 5-2, ¶6.

3. The Policy is a "named peril" policy that provides coverage for only loss or damage that is a direct result of a specific peril, i.e., a breakdown to covered equipment, subject to the Policy's terms, conditions, limitations, exclusions and definitions. *See* Certified Copy of the Policy, D.E. 4-1.

4. The Policy contains the following insuring clause:

> *A. Coverage*
>
> 1. Covered Cause of Loss
>    Covered Cause of Loss is a "Breakdown" to "Covered Equipment."

*Id.,* p. 15 of 55, Equipment Breakdown Protection Coverage Form.

> 5. The Policy defines "Breakdown" as follows:
>
>> *1. "Breakdown":*
>>
>> *a. Means sudden and accidental direct physical loss to "Covered Equipment," which manifests itself by physical damage, necessitating its repair or replacement, unless such loss is otherwise excluded within this Coverage Form...*
>>
>> *b. Does not mean or include:*
>> *(1) Malfunction including but not limited to adjustment, alignment, calibration, cleaning or modification;*

*Id.*, p. 35 of 55, "Breakdown" Covered Cause of Loss Revision Endorsement.

> 6. The Policy also defines "Covered Equipment." *Id.*, p. 32 of 55, Equipment Breakdown Protection Coverage Form. For purposes of this motion only, Continental does not dispute that the "processing and distribution equipment" referenced in Plaintiff's Complaint are were "Covered Equipment."
>
> 7. The Policy exclusions are preceded by anti-concurrent causation language, as follows:

> *B. Exclusions*
>
> *We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded, regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*
>
> *The exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*

*Id.,* p. 18 of 55, Equipment Breakdown Protection Coverage Form.

8. The Policy excludes coverage for loss or damage caused by :

> 3. *Water*
>    a. *Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);*
>
> \*\*\*
>
> 15. *A "Breakdown" that is caused by windstorm or hail.*

*Id.,* pp. 18, 20 of 55, Equipment Breakdown Protection Coverage Form.

9. On September 21, 2017, Plaintiff submitted an insurance claim for "building damage, produce spoilage, machinery contamination, loss of business this is due to Hurricane Irma." *See* First Notice of Loss, attached as Exhibit A to the Declaration of Christopher Weisel.

10. The notice of loss identified "wind damage" as the cause of loss. *Id.*

11. Although it received notice of a claim for wind damage associated with Hurricane Irma, Continental began a claim investigation to determine if Plaintiff had sustained any loss or damage that was a direct result of a Breakdown to Covered Equipment. *See* Weisel Declaration, ¶¶ 7, 10; First Notice of Loss, Exhibit A to the Weisel Declaration; Certified Copy of the Policy D.E. 4-1.

12. Plaintiff filed its Complaint on or about January 31, 2020. Complaint, D.E. 5-2.

13. In the Complaint, Plaintiff alleged that it "sustained significant damage as a result of Hurricane Irma, which also caused damage to Plaintiff's processing and distribution equipment, rendering the equipment inoperable and irreparable." *Id.,* D.E. 5-2, ¶8.

14. Plaintiff alleged that Continental breached its contract "by refusing to pay to Plaintiff the full amount of damages sustained as a result of the loss." *Id.,* D.E. 5-2, ¶27.

3

15. Plaintiff admitted that the processing and distribution equipment referenced in its Complaint is no longer in its possession. *See* Plaintiff's Response to Defendant's Request for Admissions, D.E. 44-2, p. 3 of 4, Response to Request No. 12.

16. Plaintiff admitted that the equipment was sold at auction on or about January 7, 2020. *See id.* p. 3 of 4, Response to Request No. 13.

17. Plaintiff has not provided any evidence that it ever had the equipment inspected.

18. The deadline for Plaintiff's expert disclosures was August 28, 2020. *See* March 23, 2020 Scheduling Order, D.E. 16.

19. The discovery deadline was October 2, 2020. *Id.*

20. Plaintiff did not identify an expert as to causation or damages. *See* Defendant's Motion to Compel Plaintiff's Expert Disclosure, D.E. 36; September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37.

21. After denying Continental's motion to compel Plaintiff's expert disclosures as moot because the deadline had passed, the Court reminded Plaintiff that it bore "the burden to move to modify the pretrial deadlines and specifically show cause, under Rule 16, why any extension of Plaintiff's deadline should be considered." September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37.

22. Plaintiff did not seek any extensions of the discovery or expert deadlines until October 9, 2020 when it filed its response to Continental's Expedited Amended Motion to Dismiss. *See* September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37; Plaintiff's Response to Defendant's Expedited Amended Motion to Dismiss for Failure to Comply with Court Orders, D.E. 49.

23. Plaintiff has the burden to prove that it sustained loss or damage as the direct result of a "Breakdown" of "covered equipment." Plaintiff cannot meet that burden.

4

24. Plaintiff also alleged in its Complaint that the Policy provides coverage for "related business income losses sustained from [Plaintiff's] inability to use the insured equipment for product processing and distribution." Complaint, D.E. 5-2, ¶7.

25. Plaintiff's Complaint alleges that Continental breached its Policy by refusing to pay Plaintiff for its "resulting business losses." *Id.* D.E. 5-2, ¶27.

26. The Policy does not provide coverage for loss of business income or extra expenses. Certified Copy of the Policy, D.E. 4-1, p.12 of 55, Renewal Declarations Equipment Breakdown Schedule.

27. The Policy Declaration's "Equipment Breakdown Schedule" identifies the coverage purchased and limits provided. *Id.*

28. The Equipment Breakdown Schedule does not indicate that "Business Income/Extra Expense" was "included" or otherwise provide a limit of insurance for that coverage. *Id.*

Respectfully submitted,

/s/ Morris D. Pataky

Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com;
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Direct Line: (312) 822-6027
Facsimile: (312) 260-6859
**Attorney for Defendant, Continental Casualty Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.   I certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, by Notices of Electronic Filing generated by CM/ECF.

/s/Morris D. Pataky
**CNA COVERAGE LITIGATION GROUP**
Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Facsimile:  (312 260-6859

**Attorney for Defendant,**
**Continental Casualty Company**

## SERVICE LIST

Jana A. Rauf, Esquire
INSURANCE LITIGATION GROUP
1500 N.E. 162 Street
Miami, Florida  33162
Primary Service E-Mail:  service@ilgpa.com