**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-20812-CIV-WILLIAMS**

TERRA'S GARDEN, LLC,
a Florida Limited Liability Company,

        Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a foreign corporation,

        Defendant.

_____

**DEFENDANT, CONTINENTAL CASUALTY COMPANY'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Continental Casualty Company ("Continental"), by and through its undersigned counsel and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files its Motion for Summary Judgment and Incorporated Memorandum of Law and, as grounds therefor, states as follows:

1. This case involves a claim for declaratory relief and breach of contract against Continental as a result of its failure to issue insurance proceeds for alleged damage to Plaintiff's "processing and distribution equipment" and related losses. *See* Complaint, D.E. 5-2, ¶¶ 7,8,14,22,

2. As more specifically explained below and in Continental's Statement of Material Facts filed concurrently herewith [D.E. 51], Plaintiff's claims fail as a matter of law. Plaintiff cannot present any evidence of loss or damage that it allegedly sustained. Moreover, Plaintiff is unable to meet its burden to establish that the alleged damage to its equipment is the direct result of a "breakdown" to "covered equipment" as defined in the policy.

Finally, Plaintiff's insurance policy does not provide coverage for business income losses, so its claims in that regard must fail. Accordingly, there are no genuine issues of material fact to be tried.

## *MEMORANDUM OF LAW*

### Statement of Material Facts and Procedural Background

Plaintiff, Terra's Garden, LLC, was a food processor engaged in the business of processing food for commercial distribution on September 10, 2017. Complaint, D.E. 5-2, ¶¶ 4, 8. Continental issued Equipment Breakdown Policy No. R5099700076 to "Terra's Garden, LLC," effective from June 16, 2017 through June 16, 2018 (the "Policy.") Certified Copy of the Policy D.E. 4-1; Complaint, D.E. 5-2, ¶6.

The Policy is a "named peril" policy that provides coverage for only loss or damage that is a direct result of a specific peril, i.e., a breakdown to covered equipment, subject to the Policy's terms, conditions, limitations, exclusions and definitions. D.E. 4-1, Certified Copy of the Policy. The Policy contains the following insuring clause:

> A. Coverage
>
> 1. Covered Cause of Loss
>
> Covered Cause of Loss is a "Breakdown" to "Covered Equipment."

*Id.,* p. 15 of 55, Equipment Breakdown Protection Coverage Form.

The Policy defines "Breakdown" as follows:

> 1. "Breakdown":
>
> a. Means sudden and accidental direct physical loss to "Covered Equipment," which manifests itself by physical damage, necessitating its repair or replacement, unless such loss is otherwise excluded within this Coverage Form...
>
> b. Does not mean or include:

> (1) Malfunction including but not limited to adjustment, alignment, calibration, cleaning or modification;

*Id.*, page 35 of 55, "Breakdown" Covered Cause of Loss Revision Endorsement.

The Policy contains certain exclusions which bar coverage. The Policy exclusions are preceded by anti-concurrent causation language, which states:

> B.  Exclusions
>
> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded, regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> The exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

*Id.,* p. 18 of 55, Equipment Breakdown Protection Coverage Form.

The Policy excludes coverage for loss or damage caused by:

> 3.  Water
>     a.  Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);
>
>     ***
>
> 15.  A "Breakdown" that is caused by windstorm or hail.

*Id.,* pp. 18, 20 of 55, Equipment Breakdown Protection Coverage Form.

On September 21, 2017, Plaintiff submitted an insurance claim for "building damage, produce spoilage, machinery contamination, loss of business this is due to Hurricane Irma." See First Notice of Loss, attached as Exhibit A to the Declaration of Christopher Weisel. The notice of loss identified wind damage as the cause of loss. *Id.*  Although the Policy provides coverage only for loss or damage resulting directly from a breakdown, Plaintiff reported a loss to Continental stemming from a Hurricane Irma on or about September 21, 2017. *See* Weisel

3

Declaration, ¶¶ 7, 10; First Notice of Loss, Exhibit A to the Weisel Declaration; Certified Copy of the Policy D.E. 4-1.

On January 31, 2020, Plaintiff filed its Complaint for declaratory judgment and breach of contract in state court against Continental. *See* Complaint, D.E. 5-2. In the Complaint, Plaintiff alleged that it "sustained significant damage as a result of Hurricane Irma, which also caused damage to Plaintiff's processing and distribution equipment, rendering the equipment inoperable and irreparable." *Id.,* D.E. 5-2, ¶8. Plaintiff alleged that Continental breached its contract "by refusing to pay to Plaintiff the full amount of damages sustained as a result of the loss." *Id.*, D.E. 5-2, ¶27.

Plaintiff also alleged in its Complaint that the Policy provides coverage for "related business income losses sustained from [Plaintiff's] inability to use the insured equipment for product processing and distribution." *Id.*, D.E. 5-2, ¶7. Plaintiff's Complaint alleges that Continental breached its Policy by refusing to pay Plaintiff for its "resulting business losses." *Id.*, D.E. 5-2, ¶27. However, the Policy's Declarations reflect that the Policy does not provide coverage for loss of business income or extra expenses. Certified Copy of the Policy, D.E. 4-1, p.12 of 55, Renewal Declarations Equipment Breakdown Schedule. The Policy Declaration's "Equipment Breakdown Schedule" identifies the coverage purchased and limits provided. *Id.* The Equipment Breakdown Schedule does not indicate that "Business Income/Extra Expense" was "included" or otherwise provide a limit of insurance for that coverage. *Id.*

3. On February 25, 2020, Continental removed this matter to federal court pursuant to 28 U.S.C. §§ 1441 and 1332. *See* Petition for Removal, D.E. 1. On March 23, 2020, this Court entered its Scheduling Order establishing pre-trial deadlines and scheduling trial in the matter. *See* March 23, 2020 Scheduling Order, D.E. 16. The Scheduling Order, inter alia, required

Plaintiff to furnish opposing counsel with a disclosure of "experts, expert witness summaries and reports," by August 28, 2020. *See id.,* D.E. 16, page 2. Plaintiff did not disclose any expert witnesses and the deadline to conduct all fact and expert discovery passed on October 2, 2020. *See id.,* D.E. 16; Defendant's Motion to Compel Plaintiff's Expert Disclosure, D.E. 36; September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37. Continental even moved to compel Plaintiff's expert disclosures. *See id.,* D.E. 16; Defendant's Motion to Compel Plaintiff's Expert Disclosure, D.E. 36. After denying Continental's motion to compel as moot because the deadline had passed, the Court reminded Plaintiff that it bore "the burden to move to modify the pretrial deadlines and specifically show cause, under Rule 16, why any extension of Plaintiff's deadline should be considered." September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37. It was not until more than 40 days after the deadline passed, and when faced with a Motion to Dismiss, that Plaintiff first sought an extension of the discovery and expert disclosure deadlines. *See* September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37; Plaintiff's Response to Defendant's Expedited Amended Motion to Dismiss for Failure to Comply with Court Orders, D.E. 49.

Plaintiff has the burden to prove that it sustained loss or damage as the direct result of a "Breakdown" of "covered equipment." Plaintiff cannot meet that burden. Plaintiff has not provided any evidence that it ever had the equipment inspected. Plaintiff admitted that the processing and distribution equipment referenced in its Complaint is no longer in its possession. *See* Plaintiff's Response to Defendant's Request for Admissions, D.E. 44-2, p. 3 of 4, Response to Request No. 12. Plaintiff admitted that the equipment was sold at auction on or about January 7, 2020. *See id.* p. 3 of 4, Response to Request No. 13. Plaintiff sold the allegedly damaged

5

equipment more than three weeks before filing its Complaint, effectively precluding any further inspection of the equipment.

## Law and Argument

The district court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. In federal diversity actions, federal courts must apply state law on substantive issues and federal law on procedural issues. See *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

### A.     Summary Judgment Standard

Summary judgment is appropriate if the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id*. at 249. Where, as here, the non-movant bears the burden of proof at trial, the movant does not have to support its motion for summary judgment by refuting the non-movant's claims. *See United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991)(superseded by statute on other grounds) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 106 S.Ct. 2548, 2554 (1986) and explaining that the movant may "'show[ ]'—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'") Rather, the movant may simply demonstrate that there is an absence of evidence to support the non-movant's claims. *Id.* "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-

moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The nonmoving party must come forward with "specific facts that demonstrate **a genuine issue for trial**." *Id*. at 587 (emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

The substantive law applicable to the case determines which facts are material. *Four Parcels of Real Prop*., 941 F.2d at 1437. Under Florida law, courts must construe insurance policies according to their plain meaning. *Intervest Constr. of Jax, Inc. v. Gen. Fid. Ins. Co*., 133 So.3d 494, 497 (Fla. 2014). It is well-accepted that "[a]n insurance contract must be construed in accordance with the plain language of the policy." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co*., 913 So.2d 528, 532 (Fla. 2005)).

**B. Continental is Entitled to Summary Judgment Because Plaintiff Cannot Meet Its Burden to Establish that it Sustained Loss or Damage as a Direct Result of a "Breakdown" of Covered Equipment.**

Plaintiff cannot establish that it is entitled to coverage under the Policy; therefore, Plaintiff's causes of action for declaratory judgment and breach of contract fail as a matter of law.

The Policy is a "named-perils" policy, specifically an Equipment Breakdown policy. Certified Copy of the Policy, D.E. 4-1. A "named-perils" policy only protects against perils explicitly named as included within the scope of the policy. See *Fisher v. Certain Interested Underwriters*, 930 So.2d 756, 758 (Fla. 4th DCA 2006). Under a named-perils insurance policy,

the insured carries the burden to prove damages from a named peril (such as a breakdown of covered equipment). *Rodrigo v. State Farm Fla. Ins. Co*., 144 So.3d 690, 693 (Fla. 4th DCA 2014). Thus, the plain language of the Policy requires that Plaintiff establish that it sustained loss or damage as a direct result of a breakdown of covered equipment in order to potentially trigger coverage. *See e.g., Citizens Prop. Ins. Corp. v. Kings Creek South Condo, Inc*., 300 So.3d 763 (Fla. 3d DCA 2020)(citing *Rodrigo*, 144 So. 3d at 693); and *Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 07-21404-CIV-COOKE, 2009 WL 799429, at *3 (S.D. Fla. Mar. 24, 2009) (stating that in a named peril policy, it is the insured who bears the burden to prove that "losses suffered were due to a peril covered by the policy.") Plaintiff cannot meet its burden to prove that there was a breakdown of covered equipment as defined by the Policy that directly resulted in loss or damage to covered property.

The deadline for Plaintiff's expert disclosures was August 28, 2020. March 23, 2020 Scheduling Order, D.E. 16. Plaintiff did not identify an expert as to causation or damages. *See* Defendant's Motion to Compel Plaintiff's Expert Disclosure, D.E. 36; September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37. After denying Continental's motion to compel Plaintiff's expert disclosures as moot since the deadline had passed, the Court reminded Plaintiff that it bore "the burden to move to modify the pretrial deadlines and specifically show cause, under Rule 16, why any extension of Plaintiff's deadline should be considered." September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37.

Although an expert may not be necessary in all breach of contract[1] cases, an expert *is necessary* when the issues before the Court are such that a lay person could not provide

---

[1] The allegations of the counts for breach of contract and declaratory judgment are essentially duplicative and the same standards apply to both. Any ruling related to whether Continental has

testimony. *Mama Jo's, Inc. v. Sparta Ins. Co*., No. 17-CV-23362-KMM, 2018 WL 3412974, at *8–9 (S.D. Fla. June 11, 2018), aff'd, No. 18-12887, 2020 WL 4782369 (11th Cir. Aug. 18, 2020)(citing *Johnson v. State Farm Fire & Cas. Co*., No. CIV.A. 12-00534-N, 2013 WL 4607548, (S.D. Ala. Aug. 29, 2013)). To prevail in this action, Plaintiff must prove a sudden and accidental direct physical loss to "covered equipment" which manifests itself by physical damage, necessitating its repair or replacement, unless such loss is otherwise excluded within the Policy. Certified Copy of the Policy, D.E. 4-1, p. 35 of 55, "Breakdown" Covered Cause of Loss Revision Endorsement. A "breakdown" does not include, "[m]alfunction including but not limited to adjustment, alignment, calibration, cleaning or modification." *Id.* Plaintiff cannot meet this burden without an expert.

Continental is entitled to summary judgment because Plaintiff has not identified expert(s) necessary to meet its burden of proof as to causation by a breakdown. The Eleventh Circuit previously affirmed a district court's grant of summary judgment on the basis of its exclusion of the expert's testimony, where that testimony was the only evidence on the issue of causation. *Guinn v. AstraZeneca Pharm. LP*, 602 F.3d 1245, 1251-52, 1257 (11th Cir. 2010). Here, more than three years after the alleged loss, Plaintiff has not provided expert disclosures. Plaintiff did not seek an extension of deadlines when advised by the Court to do so. *See* Defendant's Motion to Compel Plaintiff's Expert Disclosure, D.E. 36; September 8, 2020 Court Order Denying Motion to Compel as Moot, D.E. 37. It was not until more than 40 days after the deadline passed, and when faced with a motion to dismiss, that Plaintiff first sought an extension of the discovery and expert disclosure deadlines. *See* September 8, 2020 Court Order Denying Motion to Compel

---

breached its contract would also determine the provisions of the Policy under the count for declaratory relief. See *Roth v. GEICO Gen. Ins. Co*., No. 16-62942-CIV, 2017 WL 5640740, (S.D. Fla. Jan. 24, 2017)(dismissing Plaintiff's count for declaratory relief as duplicative.)

as Moot, D.E. 37; Plaintiff's Response to Defendant's Expedited Amended Motion to Dismiss for Failure to Comply with Court Orders, D.E. 49. Plaintiff has admitted that the allegedly damaged equipment is no longer in its possession, effectively precluding any inspection or expert opinion. *See* Plaintiff's Response to Defendant's Request for Admissions, D.E. 44-2, p. 3 of 4, Response to Request Nos. 12 and 13.

Plaintiff cannot establish that it sustained a loss within the scope of the Policy's coverage. "Where a plaintiff cannot show evidence that their loss is covered, a plaintiff 'cannot show [Defendant] breached the terms of the Policy by refusing to pay their claim.'" *Mama Jo's, Inc.*, 2018 WL 3412974 at *9 (quoting *Johnson*, 2013 WL 4607548, at *11). Summary judgment in favor of Continental is appropriate. *See e.g., Estate of Reed v. Nat'l Specialty Ins. Co.*, No. 19-23178-CIV, 2020 WL 5547922, (S.D. Fla. July 29, 2020)(grating Defendant summary judgment because Plaintiff had failed to disclose an expert to support its claim under a named peril policy).

## C. Continental is Entitled to Summary Judgment Because the Policy Does Not Provide Coverage for Loss or Damage Caused by a Hurricane.

In both its initial claim and in its Complaint, Plaintiff alleged that it sustained damage to covered equipment as a result of Hurricane Irma. *See* Weisel Declaration, ¶10 and Exhibit A; *see also* Complaint, D.E. 5-2, ¶ 8. In its notice of loss, Plaintiff identified the cause of the loss as "wind damage." *See* Weisel Declaration, ¶10 and Exhibit A. Coverage under the Policy is limited to coverage for loss or damage that is *the direct result of a "breakdown" to "covered equipment." See* Certified Copy of the Policy, D.E. 4-1, p. 15 of 55, Equipment Breakdown Protection Coverage Form. The Policy does not provide coverage for loss or damage caused directly or indirectly by a breakdown caused by a windstorm or water. *Id*, D.E. 4-1, p. 18, 20 of 55, Equipment Breakdown Protection Coverage Form.

Preliminarily, loss or damage caused by a hurricane is not loss or damage caused by a "breakdown" as defined by the Policy. Moreover, even assuming that a breakdown resulted from the hurricane, if Hurricane Irma was even a partial cause of the alleged "breakdown," coverage is excluded. The Policy specifically excludes coverage for "loss or damage caused directly or indirectly by…[w]ater." Water is defined, in part, as "a. flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge)." *Id.,* D.E. 4-1, p. 18 of 55, Equipment Breakdown Protection Coverage Form. The policy also excludes coverage for loss or damage caused by "[a] 'Breakdown' that is caused by windstorm or hail." *Id.,* D.E. 4-1, p. 20 of 55, Equipment Breakdown Protection Coverage Form.

The Policy's "anti-concurrent causation" provision explicitly states that coverage is excluded if an excluded peril is a direct or indirect cause even if another cause contributes in any sequence therewith. "Such loss or damage is excluded, regardless of any other cause or event that contributes concurrently or in any sequence to the loss." *See id.* D.E. 4-1, Certified Copy of the Policy, p. 18 of 55. Accordingly, to the extent that Hurricane Irma, through water or a breakdown caused windstorm, contributed either directly or indirectly to Plaintiff's alleged loss, this Court should find that that no coverage exists and grant summary judgment to Continental.

**D. The Policy Does Not Provide Coverage for Business Income or Extra Expense.**

In addition to demanding coverage for the alleged damage to its equipment, Plaintiff also seeks coverage for "related business income losses sustained from [Plaintiff's] inability to use the insured equipment for product processing and distribution." Complaint, D.E. 5-2, ¶7. Plaintiff has alleged that Continental breached its Policy by refusing to pay Plaintiff for its "resulting business losses." *Id.,* D.E. 5-2, ¶27. However, the Policy does not provide coverage

for business interruption losses. *See* Certified Copy of the Policy, D.E. 4-1, p.12 of 55, Renewal Declarations Equipment Breakdown Schedule. The Policy covers losses for "Business Income" only if the Plaintiff purchased that coverage. However, the Policy Declarations demonstrate that Plaintiff did not purchase Business Income and Extra Expense coverage. *Id*. The Policy Declaration's "Equipment Breakdown Schedule" identifies the coverage purchased and limits provided. *Id.* The Equipment Breakdown Schedule does not indicate that "Business Income/Extra Expense" was "included" or otherwise provide a limit of insurance for that coverage. *Id.* As a result, Plaintiff cannot recover for any business interruption losses allegedly sustained as a result of its purported loss. Thus, even if Plaintiff could prove a loss within the coverage of the Policy, Continental is still entitled to summary judgment to the extent that Plaintiff seeks coverage for any business income or related losses.

## Conclusion

Plaintiff cannot prove that it has sustained loss or damage as a direct result of a sudden and accidental direct physical loss to "covered equipment" which manifests itself by physical damage, necessitating its repair or replacement. Plaintiff's inability to meet this burden is fatal to its claims for breach of contract and declaratory relief.  Without an expert, Plaintiff cannot prove a "breakdown" as defined by the Policy. Without such proof, there is no potential for coverage within the contemplation of the Policy and therefore, no issue to be resolved at a trial. Loss or damage caused by a hurricane is not a "breakdown, as defined by the Policy." Moreover, the Policy specifically excludes coverage for loss or damage caused directly or indirectly by water or a breakdown caused by windstorm. Finally, Plaintiff is not entitled to coverage for business interruption losses because it did not purchase an insurance policy that extends that coverage.

Construing the evidence in the light most favorable to Plaintiff, Continental is entitled to judgment as a matter of law.

WHEREFORE Defendant, Continental Casualty Company, respectfully requests the Court grant its Motion for Summary Judgment, enter an Order in Continental's favor and against Plaintiff, and award any other relief that the Court deems just and proper.

Dated: October 16, 2020

                    Respectfully submitted,

                    /s/ Morris D. Pataky

Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com;
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Direct Line: (312) 822-6027
Facsimile: (312) 260-6859
**Attorneys for Defendant, Continental Casualty Company**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, by Notices of Electronic Filing generated by CM/ECF.

/s/Morris D. Pataky
**CNA COVERAGE LITIGATION GROUP**
Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida 33614
Telephone: (813) 880-5165
Facsimile: (312 260-6859

**Attorney for Defendant,**
**Continental Casualty Company**

**SERVICE LIST**

Jana A. Rauf, Esquire
INSURANCE LITIGATION GROUP
1500 N.E. 162 Street
Miami, Florida 33162
Primary Service E-Mail: service@ilgpa.com