UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-20812-CIV-WILLIAMS

TERRA'S GARDEN, LLC,
a Florida Limited Liability Company,
    Plaintiff,
v.

CONTINENTAL CASUALTY COMPANY,
 a foreign corporation,
    Defendant.
_____/

## PLAINTIFF'S RENEWED MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff, Terra's Garden LLC ("Terra's") files this Renewed Motion to Dismiss without Prejudice[1] [D.E. 56], and states:

Plaintiff seeks from this Court voluntary dismissal of the pending action, without prejudice, as provided under Fed. Rules Civ. Proc. 41(a)(2). Dismissal under Rule 41(a)(1) or Rule 41(a)(2) is without prejudice, unless stated otherwise. "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). Moreover, while Rule 41(a)(2) is intended to ensure defendants do not lose any substantial rights as a consequence of a dismissal, "the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id*. at 1269.

---

[1] Plaintiff originally moved to dismiss this action without prejudice on October 9, 2020. See Response to Defendant's Motion to Dismiss ...or in the Alternative ... Motion to Dismiss without Prejudice. [D.E. 49]. The Defendant opposed Plaintiff's motion. [D.E. 50]. And on October 19, 2020, the Plaintiff filed a Reply in support of its motion. [D.E. 53]. Plaintiff renews its motion here because the Judicial Assistant for Magistrate Judge Edwin G. Torres informed Plaintiff's law firm that because the plaintiff's motion was filed together with a response to a motion filed by the Defendant, the Plaintiff's motion to dismiss without prejudice was not properly docketed. Thus, for example, the Court has referred to Magistrate Judge Edwin G. Torres the Defendant's Motion to Dismiss [D.E. 44], and Defendant's Motion for Summary Judgment, [D.E. 52], . But it has not referred Plaintiff's parallel motion to dismiss without prejudice. To ensure proper docketing of its motion, Plaintiff hereby files this Renewed Motion to Dismiss without Prejudice and incorporates by reference its earlier filings [D.E. 49 and 53].

Here, there is no basis for a finding of prejudice that would prevent the voluntary dismissal of this action. The Defendant will not suffer any clear legal prejudice if the Court grants Plaintiff's motion to dismiss without prejudice. In its Reply in Support of Motion to Dismiss or Compel Discovery, Defendant argues that "legal prejudice can exist when considerable time has been spent on a case in preparation for trial." Defendant's Reply [D.E. 50] at 4. Defendant further argues that Plaintiff is "seeking ... a do-over at the expense of judicial resources and additional costs to the Defendant." *Id*. However, Defendant has not spent considerable time preparing for trial. And the limited time Defendant has invested in this action will not need to be expended upon refiling. Similarly, the Defendant does not explain how a so-called "do over" will cause it "legal prejudice" or require duplication of effort or additional expenses.

On the other hand, Plaintiff will be prejudiced if its Motion to Dismiss without prejudice is not granted. Plaintiff has attempted to prosecute its case and comply with all court orders and discovery deadlines; however, due to a heavy litigation schedule, the spread of the coronavirus which has affected the number of available staff and attorneys, and the resignation of two consecutive lead attorneys assigned to the file, the Plaintiff has been unable fully comply with the Court's prior orders [D.E. 3; D.E. 16]. In Plaintiff's Response to the Defendant's Motion to Dismiss [D.E. 44], Plaintiff set forth, in detail, the logistical difficulties presented by Covid19, compounded by the extremely disruptive changes in senior management of the litigation team (as well as the departures of multiple junior attorneys) that justify permitting the Plaintiff to dismiss without prejudice under Rule 41(a)(2) Fed. R. Civ. P.

Defendant is also seeking a dismissal of this action. Defendant filed its Amended Expedited Motion to Dismiss [D.E. 44] enumerating various deadlines that the Plaintiff

missed and identifying certain "incomplete" discovery responses[2]. On this basis, Defendant moved for dismissal **with** prejudice:

Defendant's request that the Court dismiss the case **with** prejudice is utterly without justification. The sanction of dismissal with prejudice is "warranted only where noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Wouters v. Martin County, Fla.*, 9 F.3d 924, 934 (11th Cir. 1993). The Defendant has made no such showing. Nor can it based upon the facts set forth in Plaintiff's Response to the Motion to Dismiss. [D.E. 44]. Plaintiff argued that the logistical difficulties presented by Covid19, compounded by the extremely disruptive changes in senior management of the litigation team (as well as the departures of multiple junior attorneys) justify permitting the Plaintiff to dismiss without prejudice under Rule 41(a)(2) Fed. R. Civ. P.

The Defendant asserts that the Plaintiff is attempting to gain an inappropriate strategic advantage by dismissing the action without prejudice. Reply at 4. On the contrary, Plaintiff is seeking an appropriate equitable remedy that will "do justice between the parties." *See Arias*, 776 F.3d at 1269. The case should be tried on the merits. Plaintiff has not willfully violated any court order or rule. And the delays were not due to a lack of diligence but were due to an unfortunate chain of events beyond the control of Plaintiff or its counsel. Under these circumstances, the Court should grant the Plaintiff's motion to dismiss without prejudice under Fed. R. Civ. P, 41(a)(2).

Dated November 13, 2020.

Respectfully submitted,

/s/ Jana A. Rauf_____
FL Bar No. 79060
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd Street
Miami, Florida 33162
Telephone: (786) 529-0090

---

[2] Defendant admits that the Plaintiff produced over 600 pages of discovery.

3

Facsimile:    (866) 239-9520
E-Mail: service@ILGPA.com
Counsel for Plaintiff