**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-20812-CIV-WILLIAMS**


TERRA'S GARDEN, LLC,
a Florida Limited Liability Company ,

        Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a foreign corporation,

        Defendant.
_____


**DEFENDANT, CONTINENTAL CASUALTY COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

      In its Response in Opposition to Continental Casualty Company ("Continental") Motion for Summary Judgment ("Response"), Plaintiff improperly attempts to shift the burden of proof to Continental to prove that coverage for Plaintiff's alleged loss was excluded. However, because the policy that Continental issued is a named peril policy, it is Plaintiff who must prove that its alleged damage was the direct result of an equipment breakdown. Plaintiff cannot meet this burden. Plaintiff's First Notice of Loss and its Complaint reference hurricane-related damage to its processing and distribution equipment, which is not an equipment breakdown. Plaintiff unsuccessfully attempts to manufacture an issue of material fact regarding the cause of loss in order to avoid summary judgment. In doing so, Plaintiff presents arguments that lack support in the record and otherwise relies on affidavits replete with conclusory allegations and inadmissible "evidence." Plaintiff cannot meet its burden to establish that its production and distribution equipment was damaged as the direct result of an equipment breakdown. Continental, is therefore, entitled to summary judgment.

In many instances, Plaintiff fails to cite to any record evidence for support for the arguments made in its Response. Plaintiff has offered only conclusory, unsupported, and self-serving affidavits in an attempt to create an issue of material fact. Plaintiff filed two affidavits with its Response, neither of which sets forth facts that are admissible in evidence. Pursuant to Federal Rule of Civil Procedure 56, affidavits offered in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Affidavits which contain only "conclusory allegations without specific supporting facts have no probative value." *See Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985); *Hamilton v. Sikorsky Aircraft Corp.*, 760 Fed. Appx. 872, 877 (11th Cir. 2019). Neither of the affidavits Plaintiff cites to in support of its Response are properly before the Court and should be disregarded.

### A. The Court Should Disregard the Affidavit of Miresh Shukla Because Plaintiff Did not Disclose Him as a Person with Knowledge Relating to the Loss.

Plaintiff has presented the affidavit of its purported employee, Miresh Shukla. However, the Court should not consider Shukla's affidavit. Discovery in this matter is now closed. Before attaching the affidavit to its Response, Plaintiff did not disclose Shukla as an individual with knowledge of Plaintiff's alleged loss.

Plaintiff did not disclose Shukla to Continental in violation of Rule 26 of the Federal Rules of Civil Procedure. Plaintiff did not identify Shukla in its Initial Disclosures or in response to Continental's specific discovery requests seeking information regarding employees with knowledge of the alleged loss or individuals who had inspected the allegedly damaged

equipment. Despite this, Plaintiff now proffers Shukla as witness who was an employee with knowledge of the loss.

Under Rule 26(a), a party has an affirmative and continuing obligation to disclose all individuals likely to have discoverable information along with the subjects of that information. *See* Fed. R. Civ. P. 26(a). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1);  *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013); *Debose v. Broward Health*, No. 08-cv-61411, 2009 WL 1410348, at *4 (S.D. Fla. May 20, 2009).

Plaintiff did not identify Shukla as a person with relevant knowledge. *See* Plaintiff's Initial Disclosures, Plaintiff's Witness List, D.E. 24; Plaintiff's Initial Disclosures, D.E. 25. In its Interrogatories, Continental asked Plaintiff to identify:

- Each contractor, consultant, expert person, appraiser, vendor, estimator, public adjuster, individual or entity who has inspected on Plaintiff's behalf any property, including but not limited to any Processing and Distribution Equipment, Covered Property or Covered Equipment, that Plaintiff alleges was damaged and for which Plaintiff seeks coverage as part of the Alleged Loss or the Claim, from the date of the Alleged Loss to the present;
- All Persons with knowledge of the facts and circumstances of alleged loss or damage for which Plaintiff seeks coverage as part of the Claim;
- Each and every person Plaintiff expects to call to testify at trial, and for each such person, indicate the nature and substance of his/her expected testimony;
- Each consultant or expert with whom Plaintiff consulted regarding the Claim; and
- Those individuals employed by or on behalf of Plaintiff who, between January 1, 2014 and the present, used, worked with, repaired, serviced or maintained any of the Processing and Distribution Equipment that Plaintiff alleges was damaged as a result of the Alleged Loss on or about September 10, 2017.

*See* Plaintiff's Answers to Continental's Interrogatories, D.E. 44-3, Nos. 5, 7, 8, 10, 15. Continental also requested that Plaintiff provide the following documents: documents related to

costs to repair any equipment that was allegedly damaged; documents that identified the cause of the alleged loss; copies of all expert reports; copies of all internal service, maintenance and/or repair records regarding any repair, maintenance or service work performed on the allegedly damaged equipment before or after the loss; any and all inspection reports, repair evaluations or other reports relating to the equipment that was allegedly damaged; documents that identified Plaintiff's employees from January 2015 to the present; reports of any engineers relating to the cause or causes of the alleged damage to the processing and distribution equipment or any other Covered Equipment for which Plaintiff seeks coverage. *See, e.g.,* Plaintiff's Responses to Defendant's Request for Production, D.E. 44-4, Request Nos. 2, 7, 11, 13, 17, 34 and 39. Despite these discovery requests and Continental's Motion to Compel more specific responses to the discovery requests, Plaintiff never identified Shukla as an employee, an engineer who had inspected the equipment, or an individual with knowledge of the cause of the loss. *See* Continental's Amended and Expedited Motion to Dismiss, D.E. 44; Plaintiff's Answers to Continental's Interrogatories, D.E. 44-3; Plaintiff's Responses to Defendant's Request for Production, D.E. 44-4.

Plaintiff's failure to properly disclose Shukla as a witness was neither substantially justified nor harmless. *See, e.g. Rigby v. Philip Morris USA Inc.*, 717 Fed. Appx. 834, 835 (11th Cir. 2017) (affirming the striking of an affidavit where a party failed to describe the subject of the witness's knowledge under Fed. R. Civ. P. 26(a)(1)(A)(i): "Plaintiffs' failure to disclose the contact information was perhaps excusable, but the failure to include a description of the witness's discoverable information was not. Defendants were not required to blindly search for suit-related information that Plaintiffs possessed but failed to disclose."). Plaintiff did not identify Shukla or the knowledge that he allegedly possessed. Continental specifically requested the information and Plaintiff failed to provide it. Plaintiff cannot now benefit from this

4

gamesmanship. *S.E.C. v. Curshen*, No. 11-cv-20561, 2012 WL 12864338, at *1-2 (S.D. Fla. May 25, 2012). The Court should not consider the Shukla affidavit.

### B. Plaintiff Cannot Present Previously Undisclosed Expert Testimony Through the Shukla and Fridmann Affidavits.

Although Plaintiff did not disclose any experts within the deadlines set forth by the Court, Plaintiff now attempts to introduce expert opinion through the Shukla and Fridmann affidavits. Plaintiff is improperly attempting to present expert opinion through Shukla and Fridmann's affidavits despite having failed to disclose Shukla, Georges Attias or any other individual as an expert witness, during discovery in the case.

Disclosures about expert witnesses must be made at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(2)(D). In this case, Plaintiff was required to disclose experts, expert witness summaries and reports on or before August 28, 2020. *See* March 23, 2020 Scheduling Order, D.E. 16. Plaintiff did not disclose any experts by that deadline. As a result, Continental filed a motion to compel Plaintiff's expert disclosures. *See* Motion to Compel Plaintiff's Expert Disclosure, D.E. 36. The Court denied Continental's motion as moot. *See* September 8, 2020 Paperless Order, D.E. 37. In its order, the Court indicated that it was "assumed that Plaintiff will have no experts to disclose. Otherwise, the burden is on Plaintiff to move to modify the pretrial deadlines and specifically show cause." *Id.* Plaintiff never took any action to disclose Shukla or any other expert.

Federal Rule of Civil Procedure Rule 26(a)(2)(B) requires that a written report containing a "complete statement of all opinions to be expressed and the basis and reasons therefor" accompany the designation of a witness "who is retained or specially employed to provide expert testimony." *See* Fed. R. Civ. P. 26(a)(2)(B); *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v.*

*Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2019 WL 7821249, at *2 (S.D. Fla. Dec. 13, 2019), report and recommendation adopted, No. 19-CV-21289, 2020 WL 510112 (S.D. Fla. Jan. 31, 2020).

If a party violates Rule 26(a) or (e), Rule 37(c) provides for the automatic exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) (under the Rule, "a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless"); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010) (describing sanction of exclusion as "automatic and mandatory") (citation omitted). Plaintiff did not disclose any experts or provide expert summaries or reports by the August 28 deadline. Now faced with a motion for summary judgment based on its inability to meet its burden of proof, Plaintiff ignores all procedural requirements and instead presents undisclosed expert opinions to the Court as fact.

The Court should refuse to consider any evidence involving causation proffered by the Shukla and Fridmann affidavits in support of Plaintiff's Response. As relates to Shukla, Plaintiff did not previously identify him as a witness, provide a report or summary of his anticipated testimony or provide any information relating to his qualifications. Plaintiff's efforts to introduce expert opinion through exhibits to the Fridmann affidavit should similarly be rejected. The AFC letter is not a report. Although the letter is purportedly signed by Georges Attias, the letter does not indicate if the opinions expressed therein are his. Plaintiff previously denied knowing whether or not Attias had even inspected the equipment and yet now offers his letter as evidence as to causation of its alleged loss or damage. *See* Plaintiff's Responses to Requests for

6

Admission, D.E. 44-2, Response No. 4.  Upon information and belief, AFC is a French company that is a computer peripheral equipment supplier. *See* Exhibit A, Declaration of Morris Pataky, ¶6. The letter does not identify the basis for the opinions or the qualifications of the individual(s) providing them. This is particularly troubling because the AFC letter appears to conflict with a different letter dated June 11, 2018, signed by a Maurice Attias, also of AFC. *See id.*, ¶4 and Exhibit 1 to the Pataky Declaration, Exhibit A. Plaintiff included the June 2018 letter in its document production, but did not include the March 20, 2018 letter. Exhibit A, Pataky Declaration*, ¶¶* 4-5. The Tri-County estimate should similarly be rejected as the basis for any expert opinion. It is unsigned, does not identify the qualifications of the person opining regarding the cause of the damage and fails to provide any information regarding the basis of the opinions expressed therein.

Plaintiff did not properly disclose any experts. Thus, this Court should prohibit Plaintiff from using the Shukla affidavit, the AFC letter and the Tri-County estimate as evidence in opposition to Continental's motion. *See* Fed.R.Civ.P. 37. Plaintiff's failure to disclose any experts is not harmless. "Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." *Access Now Inc. v. Macy's East, Inc.*, No. 99-9088-CIV, 2001 WL 36380366, at *3 (S.D. Fla. Oct. 22, 2001) (quoting *Reed v. Binder*, 165 F.R.D. 424, 430 (D. N.J. 1996)).

### C.  The Affidavit of Simon Fridmann is not Properly Before the Court and Should Be Disregarded.

In its Response, Plaintiff also attaches an affidavit of Simon Fridmann, identified as Plaintiff's Managing Member.[1] However, like the Shukla affidavit, the Fridmann's affidavit does

---

[1] Although not identified as such in the affidavit, Fridmann is also identified on the AFC website as its Chairman and CEO. *See* Pataky Declaration, ¶7.

not comply with Federal Rule of Civil Procedure 56 or Local Rule 56.1. The affidavit is conclusory, self-serving, and fails to set forth facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4); *Mursten v. Caporella*, 14-60014-CIV, 2014 WL 4954118, at *6 (S.D. Fla. Oct. 2, 2014) (Cohn, J.), aff'd, 619 Fed. App'x 832 (11th Cir. 2015) (unpublished) (disregarding affidavit testimony where the court found the assertions therein were "untethered to any specific facts" and therefore "no more than unsupported legal conclusions and characterizations"). In addition to seeking to improperly introduce expert testimony despite Plaintiff's refusal to make any expert disclosures, the affidavit references matters without providing a foundation to demonstrate that the affiant has the requisite personal knowledge, contains irrelevant information, and is replete with hearsay. The affidavit has no probative value and cannot establish that there are any disputed material facts that preclude summary judgment.

1. *The Fridmann Affidavit Does Not Establish that Fridmann Has Personal Knowledge of the "Facts" Which it Sets Forth*

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The Court should not consider Fridmann's affidavit because it fails to establish that Fridmann has the requisite personal knowledge necessary to testify regarding its contents.

According to Fridmann's affidavit, he is Plaintiff's Managing Member. However, the affidavit does not document that Fridmann was present at Plaintiff's facility on September 10, 2017 or the days following to establish that he has any personal knowledge of the events described in the affidavit. Fridmann also acknowledged in the affidavit that he does not have any formal training in mechanical engineering. He does not identify any other basis upon which he is qualified or competent to opine that the equipment was damaged or that a power surge caused

the alleged damage. Moreover, in his affidavit, Fridmann claims that Georges Attias of AFC traveled to TG's facility and inspected the equipment. However, in response to Continental's Requests for Admissions, Plaintiff denied having sufficient information to admit or deny whether Attias actually inspected the equipment. *See* Plaintiff's Responses to Requests for Admission, D.E. 44-2, Response No. 4. The Court should not consider Fridmann's affidavit because Plaintiff has failed to establish that he has the requisite personal knowledge to testify as to its contents.

      2.    *The Fridmann Affidavit Contains Inadmissible Hearsay*

Federal Rule of Civil Procedure 56 requires that to be affidavits offered in opposition to a motion for summary judgment set out facts that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). Plaintiff improperly attempts to introduce inadmissible hearsay evidence in the form of a March 20, 2018 letter from AFC and an estimate from Tri-County Industrial Refrigeration, LLC through Fridmann's affidavit.

Hearsay is a statement made other than by the declarant while testifying at the current trial or hearing offered into evidence to prove the truth of the matter asserted in that statement. *See* Fed. R. Evid. 801. Hearsay is inadmissible unless the proposed evidence fits within an exception to the rule. *See* Fed R. Evid. 801, 802. Plaintiff has not identified any exceptions to the hearsay rule that would permit the Court to consider either document; therefore, both documents are inadmissible.

      3.    *The Fridmann Affidavit Alleges Facts that are Irrelevant*

The Fridmann affidavit seeks to introduce evidence of alleged damage to certain "cooling and refrigeration units" at its facility. However, damage to cooling and refrigeration units is not the subject matter of this action. In its Complaint, Plaintiff alleged only that it "sustained significant damage as a result of Hurricane Irma, which also caused damage to Plaintiff's

*processing and distribution equipment*, rendering the equipment inoperable and irreparable." *See* Complaint, D.E. 5-2, ¶8 (emphasis added). Evidence that is not relevant is not admissible. Fed. R. Evid. 401; Fed. R. Evid. 402. Thus, the Court should not consider Fridmann's affidavit to the extent it alleges irrelevant "facts."

### D.  The Policy Does not Provide Coverage for Business Income Loss.

The Policy does not provide coverage for business interruption losses. *See* Certified Copy of the Policy, D.E. 4-1, p.12 of 55, Renewal Declarations Equipment Breakdown Schedule. The Policy covers losses for "Business Income" only if the Plaintiff purchased that coverage. However, the Policy Declarations demonstrate that Plaintiff did not purchase Business Income and Extra Expense coverage. *Id*. Continental is entitled to summary judgment as to Plaintiff's claim for any business income loss.

In its Response, Plaintiff did not address Continental's motion for summary judgment on the basis that the Policy does not provide coverage for loss of business income or extra expenses. In response to Continental's Statement of Facts, Plaintiff simply stated "disputed," but offered no citation to the record as support for its denial of the facts alleged. Merely stating that a fact is disputed without any reference to the record because Plaintiff does not wish it to be so is not sufficient to avoid summary judgment. When the moving party has carried its burden on a motion for summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Plaintiff must state specific facts that demonstrate that there is a genuine issue for trial. *Id.* Plaintiff has not, nor can it, state any specific facts that show that there is a genuine issue of fact as to whether such coverage is provided. Continental is, therefore, entitled to summary judgment.

WHEREFORE Defendant, Continental Casualty Company, respectfully requests the Court grant its Motion for Summary Judgment, enter an Order in Continental's favor and against Plaintiff, and award any other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Morris D. Pataky

Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com;
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Direct Line: (312) 822-6027
Facsimile: (312) 260-6859

**Attorneys for Defendant, Continental Casualty Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2020 I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.   I certify that the foregoing document is being served

this day on all counsel of record identified on the below Service List, by Notices of Electronic Filing

generated by CM/ECF.

/s/ Morris D. Pataky

**CNA COVERAGE LITIGATION GROUP**
Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Direct Line:  (312) 822-6027
Facsimile: (312) 260-6859

**Attorneys for Defendant,**
**Continental Casualty Company**

**SERVICE LIST**

Jana A. Rauf, Esquire
INSURANCE LITIGATION GROUP
1500 N.E. 162 Street
Miami, Florida  33162
Primary Service E-Mail:
service@ilgpa.com