**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-20812-CIV-WILLIAMS**


TERRA'S GARDEN, LLC,
a Florida Limited Liability Company ,

        Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a foreign corporation,

        Defendant.

_____

**DEFENDANT, CONTINENTAL CASUALTY COMPANY'S**
**RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS**

29.    Denied. Plaintiff has not identified the "covered equipment" to which this paragraph refers. Plaintiff's representatives reported a possible power surge at its facility. However, Simon Fridmann informed Continental's representatives that the processing lines were working mechanically and electrically but that they had to be replaced because a power failure caused unregulated temperature in the facility and contaminated the equipment.

30.    Denied as stated. Continental admits only that it was permitted to inspect some of the equipment at Plaintiff's facility, subject to restrictions that Plaintiff put in place during the inspections.

31.    Denied.

32.    Denied. The allegations in Paragraph 32 are conclusions of law not a statement of fact. These allegations represent an improper shifting of the burden of proof. Continental denies that it bears the burden to prove that Plaintiff's equipment was <u>not</u> damaged by a power surge. Rather, because Continental's policy is a named peril, Plaintiff bears the burden to prove that its

alleged loss or damage was the direct result of a breakdown, as defined by the Policy. Plaintiff cannot meet that burden.

33.     Denied. The allegations in Paragraph 33 are conclusions of law not a statement of fact. These allegations represent an improper shifting of the burden of proof. Continental denies that it bears the burden to prove that coverage for the alleged loss or damage to the equipment was excluded by the Policy unless and until Plaintiff has first proven that its loss or damage was the direct result of a breakdown, as defined by the Policy. Plaintiff cannot meet that burden.

34.     Denied. The allegations in Paragraph 34 are conclusions of law not a statement of fact. These allegations represent an improper shifting of the burden of proof. Continental denies that it bears the burden to provide any evidence as to a cause of loss. Rather, because Continental's policy is a named peril, Plaintiff bears the burden to prove that its alleged loss or damage was the direct result of a breakdown, as defined by the Policy. Plaintiff cannot meet that burden.

35.     Denied. The Notice of Loss form was completed based on information provided by Plaintiff's representatives.

36.     Denied as stated. The Notice of Loss was completed based on information provided by Plaintiff's representatives.

Respectfully submitted,

/s/ Morris D. Pataky

Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com;
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614

Telephone: (813) 880-5165
Direct Line: (312) 822-6027
Facsimile: (312) 260-6859

**Attorneys for Defendant, Continental Casualty Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.   I certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, by Notices of Electronic Filing generated by CM/ECF.

/s/ Morris D. Pataky

**CNA COVERAGE LITIGATION GROUP**
Morris D. Pataky
Florida Bar No. 564311
Primary Email: morris.pataky@cna.com;
Secondary Email: donna.matesa@cna.com
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida  33614
Telephone: (813) 880-5165
Direct Line:  (312-822-6027
Facsimile: (312) 260-6859

**Attorneys for Defendant,**
**Continental Casualty Company**

**SERVICE LIST**

Jana A. Rauf, Esquire
INSURANCE LITIGATION GROUP
1500 N.E. 162 Street
Miami, Florida  33162
Primary Service E-Mail:
service@ilgpa.com